UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LINDSEY, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0232-G |
| ATU INTERNATIONAL a/k/a | ) | |
| AMALGAMATED TRANSIT UNION | ) | **ECF** |
| INTERNATIONAL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiffs James Lindsey, et al. ("the

plaintiffs") to remand this case to the 101st District Court of Dallas County, Texas.

For the reasons set forth below, the motion is denied.

I. BACKGROUND

The plaintiffs in this case are former members of a local transit union,

Amalgamated Transit Union Local 1635 ("ATUL 1635"). Many of the plaintiffs

either lost their jobs or were rehired at a lower pay grade when Dallas Area Rapid

Transit ("DART") terminated a contract with First Transit, Incorporated, the company that employed the plaintiffs. *See* Plaintiffs' Original Petition ("Petition") ¶ 6.

On October 3, 2007, the plaintiffs filed their original petition in a state district court alleging breach of contract and breach of fiduciary duty on the part of Amalgamated Transit Union International ("ATU International") for "failing to represent the plaintiffs in their efforts to regain employment or to be awarded displacement allowances as required by the employee protection agreements." *See* Petition ¶ 15. ATU International removed the action from state court on February 11, 2008, asserting diversity of citizenship and federal question jurisdiction. *See* Defendant's Notice of Removal ¶¶ 2, 3; ATU International's Response and Brief in Opposition to Plaintiffs' Motion to Remand ("Response") at 2.

The plaintiffs now move to remand the action, claiming removal was improper because there is not complete diversity of citizenship and because there is no federal question jurisdiction. *See* Plaintiffs' Motion to Remand ¶¶ 2, 8. In response, ATU International argues that the plaintiffs' claims for breach of contract and breach of fiduciary duty are in reality claims for breach of the duty of fair representation, a federal question requiring interpretation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a). *See* Response at 1-2.

## II. ANALYSIS

### A. Legal Standard for Remand

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir.), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

Typically, whether an action should be remanded to state court must be resolved by reference to the plaintiffs' pleading at the time of removal. *State of Texas v. Alliance Employee Leasing Corporation*, 797 F. Supp. 542, 544 (N.D. Tex. 1992). If

the court can make this determination by reference to the plaintiffs' complaint alone,

the court need not go further.  However, should a district court need to go beyond

the pleadings to assess the propriety of removal, it may do so.  *Id.*

There are two principal bases upon which a district court may exercise removal

jurisdiction:  (1) the existence of a federal question and (2) complete diversity of

citizenship among the parties.  *See* 28 U.S.C. §§ 1331, 1332.  The court can properly

exercise jurisdiction on the basis of diversity of citizenship if the parties are of

completely diverse citizenship and the case involves an amount in controversy of at

least $75,000.  *See* 28 U.S.C. § 1332(a).  District courts have federal question

jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the

United States."  *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922.  The defendant

primarily argues that removal was proper because this court has federal question

jurisdiction; therefore the court will first determine whether this case involves a

federal question.

1.  *Federal Question Jurisdiction*

In determining whether a claim arises under federal law, the well-pleaded

complaint rule allows a plaintiff to be the "master to decide what law he will rely

upon" in pursuing his claims.  *The Fair v. Kohler Die & Specialty Company*, 228 U.S.

22, 25 (1913); see also *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6-7 (2003);

*Aaron*, 876 F.2d at 1160-61.  Where potential remedies exist under both state and

federal law, a plaintiff may choose to proceed only under state law and avoid federal

court jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v.*

*Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995). "There is

an exception to the well-pleaded complaint rule, though, if Congress 'so completely

pre-empt[s] a particular area that any civil complaint raising this select group of

claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d

433, 437 (5th Cir. 2003) (en banc) (quoting *Metropolitan Life Insurance Company v.*

*Taylor*, 481 U.S. 58, 63-64 (1987)), *cert. denied*, 540 U.S. 1104 (2004). Because the

plaintiffs' suit asserts claims arising under state law, this court does not have

jurisdiction unless federal law completely preempts at least one of the state law

claims.

2. *The Duty of Fair Representation and the National Labor Relations Act*

ATU International asserts that the plaintiffs' state law claims are preempted by

the NLRA because they are in reality claims for breach of the duty of fair

representation. *See generally* Response. A union acting in its representative capacity

owes a duty of fair representation to its constituents. *Ford Motor Company v. Huffman*,

345 U.S. 330, 337-38 (1953). The duty is derived from the union's status as an

exclusive bargaining agent and implicates section 9(a) of the NLRA.[*] The Supreme

_____

      [*]      Section 9(a) provides:

              Representatives designated or selected for the

                                   (continued...)

Court has held that section 9(a) encompasses "a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). A complaint stating a duty of fair representation claim alleges a breach by the Union of a duty grounded in federal statutes, and federal law governs the action. *Id.* State law, therefore, is preempted whenever a plaintiff states a duty of fair representation claim. See *Richardson v. United Steel Workers of America*, 864 F.2d 1162, 1167 (5th Cir. 1989), *cert. denied*, 495 U.S. 946 (1990) (holding that a duty of fair representation claim preempts state substantive law); *Pecha v. Padilla*, 192 F.3d 126, 1999 WL 683867 at *3 (5th Cir. 1999) (finding that while the plaintiff couched her complaint in state-law terms, the substance of the complaint revealed that it stated a duty-of-fair-representation claim, which preempted the state law claims and gave rise to federal question jurisdiction).

---

[*](...continued)
> purposes of collective bargaining by the majority of the employees . . . shall be the exclusive representatives of all the employees . . . for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment or other conditions of employment.

B.  The Plaintiffs' Claims

In opposition to the plaintiffs' motion to remand, ATU International argues that the plaintiffs' state law claims of breach of contract and breach of fiduciary duty clearly assert a duty of fair representation claim under the NLRA.  *See generally* Response.  In particular, ATU International points to language in the complaint where the plaintiffs assert that the "[d]efendant was the sole authority to present claims and owed a duty to the plaintiffs to represent them in the dispute with DART," that the defendant "breached [its] fiduciary duty to plaintiff[s] by failing and refusing to represent them in their dispute with DART," and that the defendant breached employee protection agreements "by failing to represent the plaintiffs in their efforts to regain employment or to be awarded displacement allowances."  *See* Response ¶ III; *see also* Petition ¶¶ 15, 20-21.

When examining the substance of the petition, it is clear that while the plaintiffs have couched their complaint in state law terms, they are in reality claiming that ATU International breached its duty of fair representation.  *Richardson*, 864 F.2d at 1170.  Thus, the NLRA's duty of fair representation preempts the state law claims, and this court has federal question jurisdiction over the suit.

III.  CONCLUSION

For the reasons stated above, the motion of the plaintiffs to remand this case to the 101st District Court of Dallas County, Texas is **DENIED**.

**SO ORDERED**.

June 17, 2008.

_A. Joe Fish_ (signature)

**A. JOE FISH**
**Senior United States District Judge**