UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LINDSEY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-0232-G |
| ATU INTERNATIONAL a/k/a ) | |
| AMALGAMATED TRANSIT UNION ) | **ECF** |
| INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of Jay C. English ("English"), attorney for the plaintiffs, to withdraw as counsel. For the reasons stated below, the motion is denied without prejudice to filing a new motion in conformity with the local rules.

### I. BACKGROUND

English represents the 400 plaintiffs in this suit. The plaintiffs' claim, which arises out of a labor dispute with Dallas Area Rapid Transit ("DART"), asserts that Amalgamated Transit Union International ("ATU" or "the defendant") failed to adequately represent the plaintiffs in their grievance against DART. The named

plaintiff, James Lindsey ("Lindsey"), "terminated the attorney client relationship with the movant and his law firm." Motion to Withdraw as Counsel for Plaintiffs ("Motion to Withdraw") at 1. As a result, English now moves to withdraw from the case.

II. ANALYSIS

English's motion fails to meet the requirements of Local Rule 83.12. According to this rule, an attorney may withdraw as counsel only when he "specif[ies] the reasons requiring withdrawal and provide[s] the name and address of the succeeding attorney." N.D. TEX. LOC. R. 83.12. If the name of the succeeding attorney is not known, the motion must "set forth the name, address, and telephone number of the client, and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature." *Id.* English's motion only provides the name and address of Lindsey, one of the more than 400 plaintiffs. In lieu of the names and addresses of the remaining plaintiffs, English attached a form demonstrating that Lindsey has "power of attorney" to act on behalf of all the other plaintiffs. This substitute is inadequate; it leaves the court, and the defendants, without a reliable way of communicating with the remaining plaintiffs.

Moreover, Lindsey can represent himself, but the law does not allow him to act as the attorney for the remaining plaintiffs. *See, e.g.*, TEX. GOVT. CODE § 81.102

(prohibiting the practice of law in Texas unless the person is a member of the state bar); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (holding that a "power of attorney" does not entitle a plaintiff to engage in the unauthorized practice of law on behalf of other plaintiffs by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions). Thus, without English, the plaintiffs must either proceed *pro se* individually, or retain new counsel collectively. Either way, this court will require more information than English has provided. If the plaintiffs choose to proceed *pro se*, the court and defendant will need all of their addresses and phone numbers. If they choose to retain new counsel, the court and defendant will need the new counsel's contact information. English has provided neither.

### III. CONCLUSION

For the reasons discussed above, English's motion to withdraw is hereby **DENIED** without prejudice to filing a new motion that complies with Local Rule 83.12.

**SO ORDERED**.

November 12, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**